FRANK JOHNSON *vs.* JOSEPH WEARE.

York County. Decided February 9, 1920. Action to recover damages for personal injuries and injuries to plaintiff's motorcycle received in a collision with defendant's automobile. The plaintiff has a verdict, which defendant moves to set aside.

As is usual in such cases, the plaintiff holds to one theory as to the manner in which the collision happened; the defendant, another. Each disclaims negligence on his own part, and imputes it to the other.

Just before the collision the defendant's automobile was stationary on the driver's left hand side of the road, there about twenty four feet wide between the car tracks on the westerly side thereof and the sidewalk on the easterly side; the automobile was westerly of the car tracks. The defendant started his automobile diagonally across the car tracks and road towards his right hand side in front of the approaching motorcycle of the plaintiff.

As between the parties, the failure of the one or the other to measure up to the standard of due care in his conduct, under the circumstances, and the credibility of the witnesses as well, were peculiarly questions for the jury; and upon a careful examination of the evidence the court cannot say that the verdict was manifestly wrong. Motion overruled. *Ray P. Hanscom*, for plaintiff. *E. P. Spinney*, for defendant.

---

STATE OF MAINE *vs.* MARY LAROSE.

Cumberland County. Decided February 14, 1920. This is an indictment for liquor nuisance. The defense offered no evidence. At the close of the testimony introduced by the State, counsel for respondent moved for a directed verdict in his favor on the ground of insufficient evidence. To the refusal of the court to grant this motion exceptions were taken. The exceptions are without merit. No other verdict than guilty would have been justified by the evidence. Exceptions overruled. Judgment for the State. *Carroll L. Beedy*, for the State. *Henry Cleaves Sullivan*, for respondent.